UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LUIS M. URIBE, and  
MARIA MAGDALENA REVERON, 

Case No.:

    Plaintiffs,

v.

WAL-MART STORES EAST LP,  
a Foreign Profit Corporation, and  
MATTHEW WACHS,

    Defendants.  
_____/

## NOTICE OF REMOVAL OF CAUSE BY DEFENDANT

Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida (the "State Court"), Case No. CACE 21-002346 Div. 18, and styled as <u>Luis m. Uribe, et al v. Wal-Mart Stores East LP, et al</u>. *See,* Summons and Plaintiff's Complaint attached hereto as Exhibit A. In support of this Notice of Removal of Cause, Defendant states as follows:

### *Complete Diversity of Citizenship Exists*

    1.    Plaintiffs, Luis M. Uribe and Maria Magdalena Reveron, at the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, were and are Florida citizens. Specifically, Plaintiffs' Complaint states that they are residents of Orange County, Florida at all materials times to their claims. *Please see* Paragraphs 2 and 3 of Exhibit A. Defendant

is aware of no address for Plaintiffs in the state of Arkansas, where, as averred below, the Defendant would be deemed a citizen.

2. Defendant Wal-Mart Stores East, LP is a foreign corporation organized under the laws of the state of Arkansas and which has its principal place of business in the state of Arkansas. Defendant Wal-Mart Stores East, LP is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Defendant is not a citizen of the State of Florida.

3. Named Co-Defendant Store Manager, Matthew Wachs, is alleged to be a citizen of Florida, by virtue of his alleged residency in Broward County. However, Co-Defendant Wachs was not the store manager or even an employee of the subject store on the date of Plaintiffs' incident. *Please see* Affidavit of Juan Gomez, attached hereto as Exhibit B. Because of the same and under the fraudulent joinder laws set forth below, Co-Defendant Wachs is not a proper party to this action and his citizenship is not a bar to removal of this matter.

4. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiffs and this Defendant.

**The Amount in Controversy Requirement is Satisfied**

5. Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000.00 jurisdictional threshold.

6. Plaintiff's Complaint against Defendant alleges damages in excess of the State Court's $30,000.00 jurisdictional threshold and asserts a negligence claim on behalf of Plaintiffs against Defendant. *Please see* Exhibit A. According to Plaintiff's Complaint, the claim derives from an alleged slip and fall incident that occurred on March 18, 2020 at Defendant's store located at 12555 W. Sunrise Blvd., in Sunrise, Florida. Specifically, Plaintiff Luis Uribe asserts that he

was injured as a result of a slip and fall on a brown substance and resulting in bodily injuries, loss of income and mental anguish damages, among others. *Please see* Paragraph 13 of Exhibit A.

7. Consortium Plaintiff Maria Magdalena Reveron alleges loss of consortium damages as a result of the subject incident for an indefinite time into the future. *Please see* Paragraph 22 of Exhibit A.

8. Plaintiffs allege, *inter alia*, that Defendant failed to keep its premises in a safe and proper condition, failed to refrain from conduct which injured Plaintiff, failed to use reasonable care to protect Plaintiff, failed to warn Plaintiff of any dangerous or unsafe condition, failed to correct any dangerous or unsafe conditions, and committed other negligent acts or omissions. *Please see* Paragraph 11 of Exhibit A.

9. "As the party seeking removal, Defendant bears the burden of establishing jurisdiction." Houston v. Garrison Prop. & Cas. Ins. Co., No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Houston, 2014 WL 6469608, at *2 (*citing* Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001)).

10. In that regard and for purposes of meeting its evidentiary burden, Defendant notes that prior to filing suit, Plaintiffs submitted to it a settlement demand, seeking payment of a $300,000.00 settlement by Defendant for their claims. *Please see* Plaintiffs' Demand Letter dated November 30, 2020, attached hereto as Exhibit C.

11. The Demand Letter purports that due to the March 2020 incident at issue, Plaintiff Luis Uribe suffered injuries to, *inter alia*, his right foot, right leg, lumbar, right knee and teeth as an alleged result of the slip and fall. *See* Exhibit C.

12. Plaintiffs' demand letter goes on to state that Plaintiff Luis Uribe has had to undergo several courses of treatments, including injections, radiofrequency ablations, physical therapy, diagnostic imaging, among others. *See* Exhibit C.

13. Moreover, Plaintiff Luis Uribe's orthopedist, Dr. Ponce De Leon, asserts that he will need a future discectomy surgery at the L2/3 and L3/4 levels of his lumbar.

14. Plaintiffs also expressly allege in their demand letter that, "taking into account Luis' past, present and future medical bills, pain and suffering and emotional distress, this claim has a value of between $300,000.00 and $400,000.00 upon presentation to the jury." *See* Exhibit C. Clearly, Plaintiffs themselves believe that this matter meets the minimum jurisdictional threshold of $75k for diversity cases.

15. With regard to any argument that the jurisdictional amount in controversy is not met because of any subrogation notice, which reflects payments made to the providers for less than the billed amount, Defendant notes that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." Stramiello v. Petsmart, Inc., No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); *see also* Henry v. K-Mart Corp., 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with Stramiello that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal). "That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation." O'Toole v. Napa Home & Garden, Inc., No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012).

16. So, although Defendant anticipates arguing that Plaintiff may never recover billed amounts written off under private health insurance contracts, such collateral source set-offs/write-

4

offs are not to be considered for purposes of determining whether the jurisdictional threshold amount is met at time of removal.

### *Fradulent Joinder of Co-Defendant Matthew Wachs Does Not Preclude Removal*

17. "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction," the plaintiff has "fraudulently joined" that non-diverse defendant. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). In such an instance, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Id.

18. In order to establish fraudulent joinder of a resident defendant, the removing party has the burden to show that, "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also* Henderson at 1281. "To determine whether the case should be remanded, [a] district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. In determining whether a resident defendant was fraudulently joined, the Court may rely on the "pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Petigny v. Wal-Mart Stores East, L.P., No. 18-CV-23762, 2018 WL 5983506, at *2 (S.D. Fla. Nov. 14, 2018).

19. Under Florida law, "a store manager, or other agent or employee of a corporation acting within the course and scope of their employment, may not be held individually liable in tort unless the complaining party first alleges and proves that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." Tynes v. Target Corp., No. 12-CV-24302, 2013 WL 1192355, at *2 (S.D. Fla. Mar. 22, 2013) (*citing to* Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. Dist. Ct. App.

1981)); *see also* McElveen By & Through McElveen v. Peeler, 544 So. 2d 270, 272 (Fla. Dist. Ct. App. 1989) (holding that a corporate officer or agent cannot be held liable for a "general administrative responsibility for performance of some function of his employment"). In other words, to be personally at fault for a tortious incident, the store manager must have personally "committed or participated in the tort," De Varona v. Discount Auto Parts, L.L.C., 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012), and must have been "actively negligent" in failing to "directly" carry out his or her responsibilities, White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005).

20. When the named resident defendant is a store manager, it reasons that in order to be personally liable for a slip and fall incident, the store manager, "necessarily must be present in the store at the time of the accident." Stephens v. Petsmart, Inc., No. 09-CV-815, 2009 WL 3674680, at *2 (M.D. Fla. Nov. 3, 2009). "Florida law requires a store manager to personally participate in the tortious conduct" for any personal liability to arise against him or her. Id; *see also* White v. Wal-Mart Stores East, L.P., No. 20-CV-466, 2020 WL 5946452, at *1–2 (M.D. Fla. Oct. 7, 2020) (holding that a store manager who "wasn't even working" when the tortious incident occurred cannot be held personally liable for the plaintiff's injuries); Espinoza v. Target Corp., No. 19-CV-81108, 2019 WL 4621628, at *2–3 (S.D. Fla. Sept. 24, 2019) (holding that "an absent store manager" could not be "held liable for negligence under Florida law"); Herrera v. Wal-Mart Stores, Inc., No. 16-CV-61553, 2016 WL 8669216, at *3 (S.D. Fla. Aug. 22, 2016) (holding that a store manager who "was not present at the store at the time of [the plaintiff's] alleged incident" could not be held personally liable for the plaintiff's injuries); Scipione v. Advance Stores Co., No. 12-CV-687, 2012 WL 3105199, at *3–4 (M.D. Fla. July 31, 2012) (holding that because a store manager "was not present" at the store on the date of the tortious incident, he lacked "knowledge of any potentially hazardous or unsafe condition on that date that caused or

contributed to [the plaintiff's] alleged incident"); Accordino v. Wal-Mart Stores, East, L.P., No. 05-CV-761, 2005 WL 3336503, at *3–4 (M.D. Fla. Dec. 8, 2005) (holding that a store manager who was on vacation on the date of a tortious incident could not be held liable for the plaintiff's injuries).

21. As established by the Affidavit of Juan Gomez[1], Co-Defendant Matt Wachs was not a manager of the subject store on March 18, 2020. *Please see* Exhibit B. In fact, Mr. Wachs was not even employed at the subject store on the date of Plaintiff's incident. *Please see* Exhibit B. As such, he cannot have been personally involved in Plaintiff Luis Uribe's alleged incident.

22. Based on the above, Co-Defendant Matthew Wachs was fraudulent joined for the sole purpose of attempting to defeat diversity jurisdiction and this matter is proper for removal to Federal Court.

***The Other Prerequisites and Requirements for Removal Have Been Satisfied***

23. Defendant has filed with the Clerk of the State Court a Notice that this Cause has been removed.

24. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court.

25. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

26. This Notice of Removal of Cause was timely filed within thirty (30) days from February 4, 2021, the date upon which this Defendant was served with initial process, including the State Court Complaint, in this action. *See,* Plaintiff's Return of Service filed with the State

---

[1] Mr. Gomez was an Asset Protection Assistant Store Manager for the subject store in March of 2020, but was not personally involved in the Plaintiffs' alleged incident.

Court, which reflects a date of service on Defendant of February 4, 2021, attached hereto as Exhibit D.

27.     The undersigned counsel are attorneys of record for WAL-MART STORES EAST, LP, and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, hereby removes this cause from the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, to the United States District Court, Southern District of Florida, Ft. Lauderdale Division, and requests that all further proceedings be conducted in this Federal Court as provided by law.

RESPECTFULLY SUBMITTED this __1st___ day of March, 2021.

>LUKS, SANTANIELLO,
>PETRILLO, & COHEN
>110 SE 6TH STREET
>20TH FLOOR
>FORT LAUDERDALE, FL 33301
>Telephone:  (954) 761-9900
>Facsimile:  (954) 761-9940
>
>By:____/s/ Franklin H. Sato_____
>DANIEL J. SANTANIELLO
>Florida Bar No.: 860948
>FRANKLIN H. SATO
>Florida Bar No.:  57077
>LUKSFLL-Pleadings@LS-Law.com

## CERTIFICATE OF SERVICE

Defendant, WALMART STORES EAST, LP, by and through undersigned counsel, hereby certify that on this 1st day of March, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF Electronic Notification System, and/or Electronic Mail to all parties as shown on the attached Service list

> LUKS, SANTANIELLO,
> PETRILLO, & COHEN
> 110 SE 6TH STREET
> 20TH FLOOR
> FORT LAUDERDALE, FL 33301
> Telephone:  (954) 761-9900
> Facsimile:  (954) 761-9940
>
>
> By:   /s/ Franklin H. Sato
>       DANIEL J. SANTANIELLO
>       Florida Bar No.: 860948
>       FRANKLIN H. SATO
>       Florida Bar No.:  57077
>       LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

CM/ECF Electronic Mail
*The following party(ies) are currently registered to receive electronic notice/service:*

Counsel for Plaintiff:
Sara B. Schafer, Esq.
The Schiller Kessler Group, PLC
7501 W. Oakland Park Blvd.
Ft. Lauderdale, FL  33309
efile@injuredinflorida.com
sara@injuredinflorida.com