IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY,
FLORIDA

LUIS M. URIBE and
MARIA MAGDALENA REVERON,

CASE NO.: CACE 21-002346 18

Plaintiffs,

vs.

WAL-MART STORES EAST LP and
MATTHEW WACHS,

Defendants.

_____/

## SUMMONS

TO ALL SHERIFFS OF THIS STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Request for Production, Request for Admissions, Interrogatories and Notice of Deposition in the above styled cause upon the Defendant:

**WAL-MART STORE EAST, LP
C/O CT CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Sara B. Schafer, **Esquire**, c/o *THE SCHILLER KESSLER GROUP, PLC,* plaintiff's attorney, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint and discovery with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property

may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court located at:

**CLERK OF THE CIRCUIT COURT**
**Broward County**
**201 SE 6th Street**
**Fort Lauderdale, FL 33301**

You must also mail or take a copy of your written response to the "Plaintiff/Plaintiffs Attorney" named below.

**THE SCHILLER KESSLER GROUP, PLC**
**Attn: Sara B. Schafer, Esq.**
**7501 West Oakland Park Boulevard**
**Second Floor**
**Fort Lauderdale, FL 33319**
**Phone: (954) 933-3000**
**Facsimile: (954) 358-1591**
**Email: efile@injuredinflorida.com**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED ON _____ FEB 03 2021

Clerk of the Circuit Court

(SEAL)

By_____
As Deputy Clerk

BRENDA ORRFORMAN

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puedo llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su requesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninado abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe supres de ce tribunal. Un simple coup de telephone est insufficient pour vous proteger. Vouse etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous soubaitez que le tribunal entendre votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salarie, votre argent, et vos biens peuvent etre saisis per la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediate d'un avocat. Si vous ne connaissez pas d'avocat, vous pourrier telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou o son avocat) nomme ci-dessous.

|  | IN THE CIRCUIT COURT OF THE<br>17TH JUDICIAL CIRCUIT, IN AND<br>FOR BROWARD COUNTY,<br>FLORIDA |
|---|---|
| LUIS M. URIBE, and<br>MARIA MAGDALENA REVERON, | CASE NO.: |
| Plaintiffs, | |
| vs. | |
| WAL-MART STORES EAST LP and<br>MATTHEW WACHS, | |
| Defendants.<br>_____/ | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, LUIS M. URIBE and MARIA MADALENA REVERON, by and through their undersigned counsel, hereby sues Defendants, WAL-MART STORES EAST LP (hereinafter "WALMART"), a Florida limited liability company, and MATTHEW WACHS and alleges as follows:

## GENERAL ALLEGATIONS

1. That this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00).

2. At all times material hereto, Plaintiff, LUIS M. URIBE, was and is a resident of Orange County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, Plaintiff, MARIA MAGDALENA REVERON, was and is a resident of Orange County, Florida, and is otherwise *sui juris*.

4. That at all times material hereto, Defendant, WALMART, was and is a Delaware limited partnership with their principal place of business in Bentonville, Arkansas, doing business in Broward County, Florida. Defendant, WALMART owned, operated, managed, maintained and

Page 1 of 7

controlled a business WALMART STORE #5151 located at the 12555 w. Sunrise Boulevard, Sunrise, Florida 33323 (hereinafter referred to as the "PREMISES").

5. At all times material hereto, Defendant, MATTHEW WACHS, was and is a resident of Broward County, Florida, and is otherwise *sui juris*.

6. On March 18, 2020, Plaintiff LUIS M. URIBE was a business invitee at the PREMISES.

7. On or about March 18, 2020, while lawfully on the PREMISES, Plaintiff, LUIS M. URIBE, encountered the dangerous and hazardous condition of a foreign substance on the floor which caused Plaintiff to fall violently to the floor.

8. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, WALMART, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

9. Venue is proper as the cause of action accrued in Broward County, Florida.

**COUNT I**
**NEGLIGENCE AGAINST WAL-MART STORES EAST LP**

Plaintiff, LUIS M. URIBE, re-avers and re-alleges every allegation contained in the General Allegations paragraphs one (1) through nine (9) of this Complaint and further alleges:

10. On March 18, 2020, and at all times material hereto, the Defendant, WALMART, owed a duty to the Plaintiff to keep the PREMISES in a reasonably safe condition and owed a duty to warn the Plaintiff and others of the existence of dangers and hazards it knew or should have known existed on the PREMISES.

11. Said duty was breached by Defendant, WALMART, their servants and/or employees by:

      a.      Creating the dangerous condition on the premises;

      b.      Failing to correct the dangerous condition on the premises;

      c.      Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition did not exist;

      d.      Failing to inspect the premises to determine that it was free from hazardous and/or otherwise dangerous conditions;

      e.      Failing to warn of the dangerous conditions on the premises;

      f.      Letting the dangerous condition exist on the premises for such a length of time that the Defendant knew or through the exercise of reasonable care should have known of its existence; and

      g.      Failing to periodically and properly check the floor so as to clean and remove the foreign substance;

      h.      Otherwise negligently failing to prevent the incident.

12.      The above-described incident is one that would not, in the ordinary course of events, or have occurred without negligence on the part of the one in control of the PREMISES, i.e., Defendant, WALMART.

13.      As a direct and proximate result of the negligence of Defendant, WALMART, Plaintiff, LUIS M. URIBE suffered bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previously existing conditions, if any. These losses are permanent or continuing in nature and Plaintiff will suffer such losses in the future.

WHEREFORE Plaintiff, LUIS M. URIBE, demands judgment for monetary damages against Defendant, WAL-MART STORES EAST LP, together with costs, interest and for such

other and further relief as this Court may deem just and proper and further demands trial by jury as to all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE OF DEFENDANT, MATTHEW WACHS

Plaintiff restates and reavers Paragraphs 1 through 13 as is fully set forth herein and would further state:

14. At all times material hereto, Defendant MATTHEW WACHS, was the store manager of the subject WAL-MART STORE and was responsible for the operations and safety of the store on the date of the subject incident that gives rise to the matters alleged in the Complaint.

15. At all times material hereto, Defendant, MATTHEW WACHS, personally knew or should have know that the store's customers and patrons, including the Plaintiff, would regularly be walking in or near the aisle in which Plaintiff fell.

16. At all times material hereto Defendant, MATTHEW WACHS, as the store's manager had an affirmative duty to supervise, inspect, detect, maintain, clean and keep safe the store's areas of ingress and egress, including its aisles where customers were expected to traverse from any dangerous conditions.

17. Defendant, MATTHEW WACHS, had a duty to remove and prevent dangerous conditions he knew or with the exercise of reasonable care, should have known existed on the premises of the subject WAL-MART STORE.

18. Defendant, MATTHEW WACHS, as the store's manager also had the additional affirmative duty to carry out store policies relative to inspecting, detecting, warning of, and correcting dangerous conditions posed by foreign substance on the traveled areas of the floor.

19. At all times material hereto, Defendant, MATTHEW WACHS, by and through its agents, employees and/or representatives, legally caused to exist a careless and negligent mode of operation and breached said duties in one or more of the following ways:

   a. By failing to adopt, implement supervise, and/or train staff on policies and procedures, based upon information and belief, that WALMART provided to its employees, including the Store Manager, Defendant MATTHEW WACHS, regarding inspecting, placing warning signs, and immediately cleaning dangerous conditions, including slippery substances, front its store aisles;

   b. By failing to personally inspect and maintain the subject WALMART STORE aisles free from foreign objects and substances that posed a fall and slipping hazard for patrons;

   c. By failing to maintain and/or train staff to maintain a safe and clear means of ingress and egress to and from the WAL-MART store aisles;

   d. By failing to timely inspect and/or instruct staff to inspect the subject aisle and clear it of foreign substances;

   e. By failing to personally place and/or train staff to place a warning sign in the aisle when the dangerous conditions was known and/or should have been known;

   f. By failing to personally clean and/or train staff to clean the foreign substance when he knew or with the exercise of reasonable care, should have known it existed on the premises of the subject WAL-MART STORE;

   g. By failing to personally address and attend to the Plaintiff, after he fell.

20. As a direct and proximate result of the negligence of Defendant, MATTHEW WACHS, Plaintiff, LUIS M. URIBE, was injured in and about his body and/or aggravated a pre-existing condition, if any or injury, suffered pain therefrom incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffer psychological and emotional injuries, and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

21. In that the injuries suffered by Plaintiff, LUIS M. URIBE, are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future and he will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity of the enjoyment of life.

**WHEREFORE**, Plaintiff, LUIS M. URIBE, demands judgment for damages against the defendant, MATTHEW WACHS, together with interest and costs, and demands trial by jury of all issues triable as of right by a jury.

**COUNT III**
**CONSORTIUM CLAIM OF PLAINTIFFS**
**AGAINST WAL-MART STORES EAST, LP and MATTHEW WACHS**

Plaintiff, LUIS M. URIBE, realleges every allegation contained in the allegations one (1) through twenty (20) and further alleges:

22. Plaintiffs, LUIS M. URIBE and MARIA MAGDALENA REVERON, were and are husband and wife and have been continuously married through and including the date of the filing of this Complaint including on the date of the involved incident. As a result of Defendants WALMART and MATTHEW WACHS' negligence, Plaintiff's spouse, MARIA MAGDELENA

REVERON, suffered the loss of her husband's services, companionship, and consortium and will continue to suffer such losses for an indefinite time into the future.

WHEREFORE, Plaintiff, MARIA MAGDALENA REVERON, demands judgment against Defendants, WAL-MART STORES EAST, LP and MATTHEW WACHS, for compensatory damages, together with interest and costs, and demands trial by jury on all issues triable as a matter of right by jury.

### DEMAND FOR JURY TRIAL

Plaintiff, LUIS M. URIBE, hereby demands trial by jury on all issues so triable.

DATED this 3 day of February, 2021.

                                      **THE SCHILLER KESSLER GROUP, PLC**
*Attorneys for Plaintiff*
7501 W. Oakland Park Boulevard
Ft. Lauderdale, FL 33319
Telephone: (954) 933-3000
Facsimile: (954) 358-1591
Email: efile@injuredinflorida.com

By:    */s/Sara B. Schafer*
       Sara B. Schafer, Esq.
       Florida Bar No.: 84455